**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | | |
|---|---|---|
| JVCKENWOOD USA Corporation | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  1-24-CV-21967 |
| v. | ) | |
| | ) | |
| Stratton AV Corp. d/b/a Amazon Seller | ) | |
| "Hatchfields Co."; and Stratton Sales Inc. | ) | |
| d/b/a Amazon Seller "Hatchfields Co.", | ) | |
| | ) | |
| Defendants. | | |

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff JVCKENWOOD USA Corporation ("JKUSA") by and through its undersigned counsel, complains of Defendants Stratton AV Corp. ("Stratton AV") and Stratton Sales Inc. ("Stratton Sales") d/b/a Amazon Seller "Hatchfields Co.'s" (collectively referred to herein as "Defendants") misconduct and alleges as follows:

## NATURE OF THIS ACTION

1.      JKUSA seeks preliminary and permanent injunctive relief and monetary damages for Defendants' false advertising under the Lanham Act, 15 U.S.C. § 1125(a) arising from Defendants' false advertisement of JKUSA products through the Amazon Seller Account, "Hatchfields Co."  Defendants utilize the "Hatchfields Co." Amazon Seller Account to list products for sale, including the wrongful listing of JKUSA products.

2.      JKUSA exclusively sells its products through a network of Authorized Dealers who may sell direct to consumer or to a limited, identified list of distributors (collectively the "Authorized Dealers") in order to maintain brand equity.

3.      In short, Defendants, that are not JKUSA Authorized Dealers, hold themselves out to consumers as JKUSA Authorized Dealers when they advertise and offer for sale various JKUSA products through the "Hatchfields Co." Amazon Seller Account that they do not actually have in their inventory and could not actually obtain to sell to consumers.

4.      Specifically, some of the JKUSA products that Defendants advertise and offer for sale are restricted SKUs that are sold only to JKUSA's Authorized Dealers, which Defendants are not, or are products that JKUSA no longer manufactures or produces.

5.      Consumers who place an order for JKUSA products from Defendants expect the order to be fulfilled and are confused and disappointed when (1) the order never arrives or is instead cancelled or (2) they receive a product that is different than what they ordered.

6.      Verified consumer reviews on the "Hatchfields Co." Amazon Seller Account confirm that consumers are actually deceived and disappointed by Defendants' deceptive misconduct.

7.      Further, because consumers are charged for the JKUSA products ordered at the time of purchase, consumers have to pursue Defendants (and/or Amazon) in order to obtain a refund when it becomes clear that the product they ordered will not be fulfilled.

8.      JKUSA is also injured by Defendants' misconduct due to the significant lost sales it suffers as a direct and proximate result thereof.

9.      JKUSA contacted Defendants regarding the improper advertisement and offering for sale of JKUSA Products and a representative for Defendants responded "good luck on your goose chase."

10.     Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of JKUSA.

11.     As a result of Defendants' actions, JKUSA is suffering a loss of the enormous goodwill that it has created in its brand and is losing profits from lost product sales, and hereby seeks preliminary and permanent injunctive relief and damages for Defendants' false advertising and unfair competition.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

13.     This Court has personal jurisdiction over Defendants, which have their principal places of business within this District.  Defendants also sell products within the United States, the State of Florida, and this District; misrepresent the nature of products they sell to residents of the United States, the State of Florida, and this District; has caused injury to JKUSA in the United States, the State of Florida, and this District; practice the unlawful conduct complained of herein, in part, within the United States, the State of Florida, and this District; regularly conduct or solicit business within the United States, the State of Florida, and this District; and regularly and systematically direct electronic activity into the United States, the State of Florida, and this District with the manifest intent of engaging in business within the United States, the State of Florida, and this District, including the sale and/or offer for sale of JKUSA products to Internet users within the United States, the State of Florida, and this District.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the sole Defendants reside in this District, and because some of Defendants' wrongful acts described herein occurred in this District.

## PARTIES

15.     JKUSA is a California corporation having its principal place of business in Long Beach, California.  JKUSA is a leading manufacturer in consumer electronics and communications equipment, including in the car entertainment, projector, headphone and speaker categories (the "JKUSA Products").  JKUSA has been a leading innovator in its field since it was founded in the United States in 1961.

16.     Defendant Stratton AV Corp. is a Florida corporation with its principal place of business located at 8811 NW 23rd Street, Doral, Florida.

17.     Defendant Stratton Sales Inc. is a Florida corporation with its principal place of business located at 8811 NW 23rd Street, Doral, Florida.

18.     Defendants advertise and sell various consumer electronics products through the Amazon.com Seller Account "Hatchfields Co.," including JKUSA Products.  Amazon assigned Amazon Standard Identification Number B07HY963GW to the "Hatchfields Co." Amazon Seller Account.  At various times, the "Hatchfields Co." Amazon Seller Account indicates that Stratton AV is operating the Seller Account, and at other times, the "Hatchfields Co." Amazon Seller Account indicates that Stratton Sales is operating the Seller Account.  Upon information and belief, Defendants maintain joint ownership of and alternate use of the Seller Account in an effort to confuse consumers and avoid liability for the conduct described herein.

## DEFENDANTS' EFFORTS TO CONCEAL THEIR WHEREABOUTS

19.     Defendants have reported to the Florida Secretary of State that they maintain the same principal place of business at 8811 NW 23rd Street, Doral, Florida and have reported the same registered agent, Jim Stratton.

20.     Defendants both filed their Annual Reports with the Florida Secretary of State on April 17, 2024.  Defendants both reported that their principal place of business is at 8811 NW 23rd Street, Doral, Florida and Jim Stratton is their registered agent.

21.     Contrary to their respective filings with the Florida Secretary of State, on the "Hatchfields Co." Amazon Seller Account, Defendants represent that their principal place of business is located at 8805 NW 23rd Street, Doral, Florida.

22.     On May 23, 2024, JKUSA engaged a process server to serve Defendants.  *See* Exhibits A-B.  On May 28, 2024, JKUSA attempted service via a process server on Defendants at both the address reported to the Florida Secretary of State and the address identified on the "Hatchfields Co."  *See* Exhibits C-F.

23.     The process server arrived at 8805 NW 23rd Street, Doral, Florida and learned that a business d/b/a Heat Express is located at the property.

24.     The process server arrived at 8811 NW 23rd Street, Doral, Florida and learned that a business d/b/a/ Arm Logistics Trading Inc. is located at the property.

25.     Neither Heat Express nor Arm Logistics Trading Inc. had heard of Jim Stratton. *See* Exhibits C-F.

26.     According to the Florida Secretary of State's Sunbiz website, there is no evident connection or affiliations between Defendants and the businesses at these properties.

27.     As a result, the process server was unable to perfect service at either address.

28.     Despite the address being occupied by other businesses with no evident affiliation with Defendants, Defendants are (1) still presently listing 8811 NW 23rd Street, Doral, Florida as their address and their registered agent's address with the Florida Secretary of State; and (2) listing

the 8805 NW 23rd Street, Doral, Florida as their address on their Amazon site for "Hatchfields Co."

29.     As a result of the above, it is clear that Defendants are concealing its true whereabouts.

## FACTS GIVING RISE TO THIS ACTION

30.     This action seeks redress for Defendants' deliberate and unlawful false advertising and unfair competition regarding the JKUSA Products that they advertise and offer for sale via Amazon.com.

### A. JKUSA Manufactures High-Quality Products and Achieves High Customer Satisfaction Ratings

31.     JKUSA is recognized throughout the world and the United States as a leading manufacturer of consumer electronics and communications equipment.

32.     As a market leader, JKUSA continues to set standards for quality, performance, and value with its product lines.

33.     JKUSA prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by developing exacting products to address customer needs.

34.     JKUSA's customer service and support is industry-leading.  For example, JKUSA offers its projectors with a one-year return policy and a standard limited warranty.

### B. JKUSA Has Invested Significantly in the Development of Its Authorized Dealer Program, Which Is Critical To Its Goodwill and Brand Equity.

35.     In addition, JKUSA has and continues to designate significant resources to develop and maintain its products' national and international image.  Through advertising and other promotional efforts, JKUSA has ensured that its brand and intellectual property have become renowned in the industry and with the consuming public.

6

36.     JKUSA sells its products directly to customers through its network of Authorized Dealers who are either direct authorized by JKUSA or are authorized to purchase from an authorized distributor of JKUSA.  All direct JKUSA Authorized Dealers are required to execute an agreement whereby they agree to the manner in which they must promote and sell JKUSA Products to consumers or the identified, limited distributors in order to maintain and foster brand equity.

37.     JKUSA has identified certain resellers, including the Amazon site "Hatchfields Co.," that the Authorized Dealers are not permitted to sell to pursuant to the terms of their agreement with JKUSA.

38.     Defendants are not now, nor have they ever been, an JKUSA Authorized Dealer. As such, Defendants cannot legally purchase any of the JKUSA Products to resell that are restricted for sale only by JKUSA Authorized Dealers.

**C. Defendants' False Advertising of JKUSA Products**

39.     Defendants are a direct competitor of JKUSA in the consumer electronics product market.

40.     Defendants have advertised and offered for sale, and is currently advertising and offering for sale, JKUSA Products through the Amazon Seller Account "Hatchfields Co."

41.     Many of the JKUSA Products advertised and offered for sale by Defendants through the Amazon Seller Account "Hatchfields Co." are restricted SKUs that can only be purchased and resold by JKUSA Authorized Dealers, which Defendants are not.

42.     Defendants do not actually have in their inventory, and cannot actually obtain, the restricted-SKU JKUSA Products that they advertise and offer for sale through the Amazon Seller Account "Hatchfields Co.".

43.     On April 21, 2024, a customer made a purchase from a "Hatchfields Co." listing purporting to sell a JKUSA-branded DLA-NZ8 projector.  The customer has not received the projector and called JKUSA to verify the purchase, likely confused how a seller that is not a JKUSA Authorized Dealer could sell a JKUSA Product.

44.     Despite never being a JKUSA Authorized Dealer, Defendants attempt to hold themselves out to consumers as a JKUSA Authorized Dealer by, among other methods, incorporating JKUSA's logos and JKUSA Products' descriptions in its advertisements and product listings on the "Hatchfields Co." Amazon Seller Account.

45.     When a consumer searches for a JKUSA Product on Amazon, "Hatchfields Co.'s" product listings are generated and Defendants have implemented a practice of listing these products at a lower price than JKUSA and JKUSA's Authorized Dealers.  Due to Defendants' price cutting and appearance as a JKUSA Authorized Dealer, Defendants are diverting consumers away from JKUSA.

46.     For the weeks ending on January 20, 2024, and February 3, 2024, JKUSA did not sell any of its projectors listed on Amazon likely due to continuing issues with Defendants advertising JKUSA projectors below JKUSA's minimum advertised price policy, effectively undercutting JKUSA and JKUSA's Authorized Dealers despite not being permitted to sell JKUSA Products.

47.     For the week ending on March 23, 2024, JKUSA did not sell any of its projectors listed on Amazon likely due to Defendants' practice of listing JKUSA Products at a discounted price while not having any JKUSA Products in stock and Defendants maintained a 5% BuyBox[1] rate for JKUSA projectors that week.

---

[1] A BuyBox rate is calculated as the total page views in which you are the featured offer divided by the total page views received by the products listed.

48.     JKUSA has attempted several test buys of JKUSA Products advertised and offered for sale by Defendants, some of which were never fulfilled.

49.     Verified consumer reviews of the "Hatchfields Co." Amazon Seller Account confirm that many consumers have also experienced delivery of the wrong product and the unexpected cancellation of their orders, including the following complaints:

★☆☆☆☆     "Scam. 4 weeks of "order late" called USPS tracking. USPS said likely not shipped. Amz listed as "likely delivered". Called 4 refund. Was refunded but they used my $ 2000 + for over a a month. Now 2 months later get small pack in mail box with a cheap HDMI cable that was shipped using the ORIGINAL shipping label. Now Amz shows the $ 2000 projector "delivered", but all I got was cable. Avoid "

Read less

By al cusick on January 15, 2024.

★☆☆☆☆     "Seller sent me an EMPTY envelope, NO Cable! Some kind of scam? The package was sealed and pristine, it didn't "fall out" the cable was obviously never INSIDE the shipping envelope. I really don't see the point of shipping me an empty envelope. "

Read less

By Moon tracker on November 10, 2023.

★☆☆☆☆     "item was not new, was used, and did not work . "

By Eli H. on November 13, 2023.

50.     On an Advanced Video System forum, a customer made a complaint regarding "Hatchfields Co." after the customer tried to purchase a JKUSA-branded projector from "Hatchfields Co." but never received the projector and had to dispute the charge on their credit card to obtain a refund.



51.      Thus, it is clear that Defendants' business practice is to advertise and offer for sale

JKUSA Products that they do not actually have in inventory and cannot actually legally obtain to

fulfill customer orders.

52.      Moreover, Defendants artificially inflate their credibility through the use of false

positive reviews on the Amazon system.

53.     For example, on August 11, 2023, Defendants received twelve (12) separate nearly identical five-star reviews from a reviewer named *T.A* on the "Hatchfields Co." Amazon Storefront.  Seven days later, on August 18, 2023, Defendants received thirteen (13) separate nearly identical five-star reviews from *T.A.*  Nine days later, on August 29. 2023, Defendants received forty-seven (47) separate nearly identical five-star reviews from *T.A.*

54.     As an additional example, on May 1, 2023, Defendants received twenty-eight (28) separate five-star reviews from a reviewer named *Business Buyer* on the "Hatchfields Co." Amazon Storefront.

55.     Thus, it is clear that Defendants not only advertise products that they do not have in an attempted bait-and-switch scheme, but they also engage in the practice of falsely inflating positive reviews in order to increase the legitimacy of the online "Hatchfields Co." Amazon Storefront.

56.     Further, Defendants list JKUSA Products on their "Hatchfields Co." Amazon Storefront that JKUSA no longer manufacturers, has not manufactured in several years, and does not sell to consumers.  Defendants mislead the customer by not telling the customer that the JKUSA Product has been discontinued or that the JKUSA Product is being sold as a refurbished item which are not protected by JKUSA's warranty or return policy.

**D.  Impact on Consumers and JKUSA**

57.     Consumers expect that the JKUSA Products they order from Defendants will be fulfilled with the specific products they ordered.  Instead, consumers either (1) do not receive any product or (2) receive some product other than what they ordered from Defendants in a classic bait-and-switch scheme.

58.     Purchasers of JKUSA Products from Defendants are likely to be, and have actually been, misled and deceived by Defendants' literally false product listings and advertisements.

59.      Consumers expect Defendants' advertisements for the JKUSA Products they offer for sale to be accurate and base their purchasing decisions in large part on those representations. That is, consumers choose to purchase an JKUSA Product from Defendants because they expect that they will actually receive the product they ordered.

60.     Thus, consumers who purchase JKUSA Products from Defendants are misled and confused when they instead either (1) do not receive any product or (2) receive some product other than what they ordered from Defendants.

61.     Because consumers are charged for the JKUSA Products ordered at the time of purchase, consumers have to pursue Defendants (and/or Amazon) in order to obtain a refund when it becomes clear that the product they ordered will not be fulfilled.

62.     After having a poor experience attempting to purchase an JKUSA Product from Defendants, the consumer is less likely to attempt to purchase another JKUSA Product in the future from JKUSA or its Authorized Dealers.

63.     Consumers who attempt to purchase JKUSA Products from Defendants and either (1) do not receive any product or (2) receive some product other than what they ordered and blame JKUSA for the confusion as to the condition of the product.

64.     Defendants' literally false and misleading advertising is damaging to JKUSA's reputation and goodwill and is damaging to the consuming public.

65.     By advertising that it has JKUSA Products in stock that it does not actually have and cannot actually obtain, Defendants are intentionally attempting to entice consumers to

purchase JKUSA Products from Defendants instead of purchasing those same products from JKUSA.

66.     The natural, probable, and foreseeable result of Defendants' wrongful conduct has been to cause confusion, deception, and mistake in the market, to deprive JKUSA of business and to tarnish its goodwill, to injure JKUSA's relationship with existing and prospective customers, and to divert sales of JKUSA Products.

67.     For example, in March 2024, Defendants' "Hatchfield Co.'s" Amazon storefront had 5% more consumer engagement on Amazon than JKUSA's Authorized Dealers.

68.     Therefore, Defendants' continued false advertisement of JKUSA Products, as well as their own online feedback score, has harmed and continues to harm JKUSA, its consumers, and JKUSA's relationship with consumers.

69.     JKUSA has contacted Defendants regarding the improper advertisements and offering for sale of JKUSA Products.

70.     Therefore, Defendants are aware of the illegality of their misconduct and the ongoing misconduct is willful.

71.     Despite being warned by JKUSA, Defendants have continued to advertise and offer for sale JKUSA Products that they do not actually have and cannot actually obtain.

72.     Defendants' false advertisement of JKUSA Products to consumers results in actual and irreparable harm to JKUSA and consumers.

73.     Defendants' actions substantially harm JKUSA and its consumers, who ultimately place orders with Defendants through the "Hatchfields Co." Amazon Seller Account, reasonably believing that they will receive the product ordered.

74.     As a result of Defendants' actions, JKUSA is suffering a loss of the enormous goodwill it has created in its brand.  JKUSA is also suffering ongoing actual damages in the form of lost sales.

75.     Defendants are likely to continue the acts complained of herein, and unless restrained and enjoined, will continue to do so, causing JKUSA and consumers irreparable harm.

<u>COUNT I</u>
**False Advertising / Unfair Competition - 15 U.S.C. § 1125(a)**

76.     JKUSA hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77.     Defendants have made and distributed, in interstate commerce and in this District, product listings and advertisements that contain literally false or misleading statements of fact regarding the JKUSA Products sold by them. These advertisements contain actual misstatements and/or misleading statements, including that the JKUSA Products Defendants sell are in inventory and/or can be procured to fulfill customer orders as well as their own online feedback.

78.     These literally false statements actually deceive, or have a tendency to deceive, a substantial segment of JKUSA's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of JKUSA's customers.

79.     Defendants' false and misleading advertising statements injure both consumers and JKUSA.

80.     Defendants' false and misleading advertising statements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

81.     Defendants, as described more fully above, have caused, and will continue to cause, immediate and irreparable injury to JKUSA for which there is no adequate remedy at law.  As such, JKUSA is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their

distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements from the Internet, including but not limited to Amazon.com.

82.     As a direct result of Defendants' unfair and deceptive trade practices, customers seeking to purchase JKUSA Products did not purchase them from JKUSA (or its Authorized Dealers) and instead unknowingly attempted to purchase them from Defendants.  Therefore, the demand for JKUSA Products created by JKUSA was not fulfilled by the purchase of a JKUSA Product.  This results in lost revenue and actual damages to JKUSA.

83.     Pursuant to 15 U.S.C. § 1117, JKUSA is entitled to recover from Defendants the damages sustained by JKUSA as a result of Defendants' acts in violation of Section 43 of the Lanham Act.

84.     Pursuant to 15 U.S.C. § 1117, JKUSA is also entitled to recover from Defendants the gains, profits, and advantages that it has obtained as a result of their unlawful acts. JKUSA is presently unable to ascertain the full amount of the gains, profits, and advantages Defendants have obtained by reason of their unlawful acts.

85.     Pursuant to 15 U.S.C. § 1117, JKUSA is further entitled to recover the costs of this action.  Moreover, JKUSA is informed and believes that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling JKUSA to recover additional damages and reasonable attorneys' fees.

86.     Defendants' actions set forth above have caused and threaten to cause JKUSA irreparable harm for which there is no adequate remedy at law.

87.     JKUSA has no adequate remedy at law because monetary damages are incapable of protecting JKUSA from Defendants' continuing and future false advertising, unfair competition, and other violations of law.

88.     Unless enjoined by this Court, JKUSA will be irreparably harmed by Defendants' actions.

89.     JKUSA has a substantial likelihood of success on the merits of its claims.

90.     The balance of equities favors JKUSA, which will continue to experience lost sales and significant harm to its goodwill due to Defendants' actions in the absence of injunctive relief. The potential harm to Defendants in the event this injunction is granted is nonexistent as they would merely be prevented from profiting from their current and future false advertising, unfair competition, and other violations of law.

91.     The public interest is served in issuing injunctive relief because enjoining Defendants from falsely advertising and offering for sale JKUSA Products that they do not actually have and cannot actually obtain will protect consumers and ensure that they are not deceived into paying for a product that they have no possibility to receive.

**WHEREFORE**, Plaintiff JKUSA, prays for judgment in its favor and against Defendants providing the following relief:

1.      For temporary, preliminary, and permanent injunctive relief prohibiting Defendants, their distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Defendants, from:

   a.   engaging in any false or misleading advertising with respect to JKUSA's products, which relief includes but is not limited to removal of all of

16

Defendants' listings for JKUSA Products from the Internet, including but not limited to on Amazon.com;

b.  Advertising, selling, or taking any steps to sell, any JKUSA Products;

c.  Engaging in any activity constituting unfair competition with JKUSA; and

d.  Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2.  For an order requiring Defendants to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the JKUSA Products sold by it, including without limitation, the placement of corrective advertisement and providing written notice to the public to cure any residual impacts from Defendants' false advertising;

3.  For an order requiring Defendants to delete any positive reviews that were not obtained legitimately;

4.  Adjudge Defendants to have violated 15 U.S.C. § 1125(a) by unfairly competing against JKUSA by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the JKUSA Products advertised and offered for sale by them;

5.  Award JKUSA its damages suffered as a result of Defendants' acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

6.  Award JKUSA its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117;

7.  Award JKUSA pre-judgment and post-judgment interest in the maximum amount allowed under the law;

8.      Award JKUSA the costs incurred in bringing this action; and

9.      Grant JKUSA such other relief as this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

JKUSA hereby requests a trial by jury on all causes of action so triable.


Miami, Florida                                    /s/ Jonathan B. Morton
Dated:  June 10, 2024                   **Jonathan B. Morton**
                                                          Florida Bar No. 956872
                                                          jonathan.morton@klgates.com
                                                          K&L GATES LLP
                                                          200 S. Biscayne Blvd., Suite 3900
                                                          Miami, FL 33131
                                                          Telephone: 305-539-3300
                                                          Facsimile: 305-358-7095

                                                          *ATTORNEY FOR PLAINTIFF*
                                                          *JVCKENWOOD USA CORPORATION*

# EXHIBIT  A

| | |
|---|---|
| **From:** | WSP Server on behalf of Caplan,Caplan and Caplan Process Servers |
| **To:** | Morton, Jonathan B.; Kennedy, Lauren R. |
| **Subject:** | CPN Status on (STRATTON AV. CORP. D/B/A AMAZON SELLER ") |
| **Date:** | Thursday, May 23, 2024 1:48:59 PM |

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

To: Jonathan Morton

   K&L GATES LLP


This is an automated message relating to:


    **Our Job Number:** 2024020626

    **Your Reference Number:**

    **Party To Be Served:** STRATTON AV. CORP. D/B/A AMAZON SELLER "

    **Documents To Be Served:** SUMMONS IN A CIVIL ACTION, CIVIL COVER SHEET, INSTRUCTION FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44, COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, NATURE OF THIS ACTION, JURISDICTION AND VENUE, DEMAND FOR JURY TRAIL

    **Case Info:** Florida SOUTHERN 1:24-CV-21967

    **Case Style:** JVCKENWOOD USA CORPORATION vs. STRATTON AV CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." AND STRATTON SALES, INC. D/B/A AMAZON SELLER "HATCHFIELDS CO."


Original Service Address: STRATTON AV. CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." C/O JIM STRATTON AS REGISTERED AGENT, 8811 NW 23RD STREET, DORAL, FL 33172

Latest Status: 5/23/2024 1:39 pm ASSIGNED TO SERVER

Thank you,
Caplan,Caplan and Caplan Process Servers
caplanupdates@caplanandcaplan.com
Phone: (305) 374-3426

More detailed status is available at https://cpn.sopstatus.com

# EXHIBIT B

| | |
|---|---|
| **From:** | WSP Server on behalf of Caplan,Caplan and Caplan Process Servers |
| **To:** | Morton, Jonathan B.; Kennedy, Lauren R. |
| **Subject:** | CPN Status on (STRATTON SALES. CORP. D/B/A AMAZON SELLE) |
| **Date:** | Thursday, May 23, 2024 1:48:55 PM |

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

To: Jonathan Morton

   K&L GATES LLP


This is an automated message relating to:


   **Our Job Number:** 2024020627

   **Your Reference Number:**

   **Party To Be Served:** STRATTON SALES. CORP. D/B/A AMAZON SELLE

   **Documents To Be Served:** SUMMONS IN A CIVIL ACTION, CIVIL COVER SHEET, INSTRUCTION FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44, COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, NATURE OF THIS ACTION, JURISDICTION AND VENUE, DEMAND FOR JURY TRAIL

   **Case Info:** Florida SOUTHERN 1:24-CV-21967

   **Case Style:** JVCKENWOOD USA CORPORATION vs. STRATTON AV CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." AND STRATTON SALES, INC. D/B/A AMAZON SELLER "HATCHFIELDS CO."


Original Service Address: STRATTON SALES. CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." C/O JIM STRATTON AS REGISTERED AGENT, 8811 NW 23RD STREET, DORAL, FL 33172

Latest Status: 5/23/2024 1:46 pm ASSIGNED TO SERVER.

Thank you,
Caplan,Caplan and Caplan Process Servers
caplanupdates@caplanandcaplan.com
Phone: (305) 374-3426

More detailed status is available at https://cpn.sopstatus.com

# EXHIBIT C

| | |
|---|---|
| **From:** | WSP Server on behalf of Caplan,Caplan and Caplan Process Servers |
| **To:** | Morton, Jonathan B.; Kennedy, Lauren R. |
| **Subject:** | CPN Status on (STRATTON AV. CORP. D/B/A AMAZON SELLER ") |
| **Date:** | Tuesday, May 28, 2024 3:34:35 PM |

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

To: Jonathan Morton

 K&L GATES LLP


This is an automated message relating to:


 **Our Job Number:** 2024020626

 **Your Reference Number:**

 **Party To Be Served:** STRATTON AV. CORP. D/B/A AMAZON SELLER "

 **Documents To Be Served:** SUMMONS IN A CIVIL ACTION, CIVIL COVER SHEET, INSTRUCTION FOR
ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44, COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES, NATURE OF THIS ACTION, JURISDICTION AND VENUE, DEMAND FOR JURY TRAIL

 **Case Info:** Florida SOUTHERN 1:24-CV-21967

 **Case Style:** JVCKENWOOD USA CORPORATION vs. STRATTON AV CORP. D/B/A AMAZON SELLER
"HATCHFIELDS CO." AND STRATTON SALES, INC. D/B/A AMAZON SELLER "HATCHFIELDS CO."


Original Service Address: STRATTON AV. CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." C/O JIM
STRATTON AS REGISTERED AGENT, 8811 NW 23RD STREET, DORAL, FL 33172

Status Update for STRATTON AV. CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO.", 8811 NW 23RD
STREET, DORAL, FL 33172

Latest Status: 5/28/2024 11:00 am Attempted service at 8811 NW 23RD STREET, DORAL, FL 33172 Business
here is ARM LOGISTICS TRADING INC. Jim stratton unknown here.

Thank you,
Caplan,Caplan and Caplan Process Servers
caplanupdates@caplanandcaplan.com
Phone: (305) 374-3426

More detailed status is available at https://cpn.sopstatus.com

# EXHIBIT  D

| | |
|---|---|
| **From:** | WSP Server on behalf of Caplan,Caplan and Caplan Process Servers |
| **To:** | Morton, Jonathan B.; Kennedy, Lauren R. |
| **Subject:** | CPN Status on (STRATTON SALES. CORP. D/B/A AMAZON SELLE) |
| **Date:** | Tuesday, May 28, 2024 3:34:36 PM |

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

To: Jonathan Morton

  K&L GATES LLP

This is an automated message relating to:

  **Our Job Number:** 2024020627

  **Your Reference Number:**

  **Party To Be Served:** STRATTON SALES. CORP. D/B/A AMAZON SELLE

  **Documents To Be Served:** SUMMONS IN A CIVIL ACTION, CIVIL COVER SHEET, INSTRUCTION FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44, COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, NATURE OF THIS ACTION, JURISDICTION AND VENUE, DEMAND FOR JURY TRAIL

  **Case Info:** Florida SOUTHERN 1:24-CV-21967

  **Case Style:** JVCKENWOOD USA CORPORATION vs. STRATTON AV CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." AND STRATTON SALES, INC. D/B/A AMAZON SELLER "HATCHFIELDS CO."

Original Service Address: STRATTON SALES. CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." C/O JIM STRATTON AS REGISTERED AGENT, 8811 NW 23RD STREET, DORAL, FL 33172

Latest Status: 5/28/2024 11:00 am Attempted service at 8811 NW 23RD STREET, DORAL, FL 33172 Business here is ARM LOGISTICS TRADING INC. Jim stratton unknown here.

Thank you,

Caplan,Caplan and Caplan Process Servers

caplanupdates@caplanandcaplan.com

Phone: (305) 374-3426

More detailed status is available at https://cpn.sopstatus.com

# EXHIBIT  E

| | |
|---|---|
| **From:** | WSP Server on behalf of Caplan,Caplan and Caplan Process Servers |
| **To:** | Morton, Jonathan B.; Kennedy, Lauren R. |
| **Subject:** | CPN Status on (STRATTON AV. CORP. D/B/A AMAZON SELLER ") |
| **Date:** | Tuesday, May 28, 2024 3:35:34 PM |

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

To: Jonathan Morton

    K&L GATES LLP

This is an automated message relating to:

**Our Job Number:** 2024020626

**Your Reference Number:**

**Party To Be Served:** STRATTON AV. CORP. D/B/A AMAZON SELLER "

**Documents To Be Served:** SUMMONS IN A CIVIL ACTION, CIVIL COVER SHEET, INSTRUCTION FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44, COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, NATURE OF THIS ACTION, JURISDICTION AND VENUE, DEMAND FOR JURY TRAIL

**Case Info:** Florida SOUTHERN 1:24-CV-21967

**Case Style:** JVCKENWOOD USA CORPORATION vs. STRATTON AV CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." AND STRATTON SALES, INC. D/B/A AMAZON SELLER "HATCHFIELDS CO."

Original Service Address: STRATTON AV. CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." C/O JIM STRATTON AS REGISTERED AGENT, 8811 NW 23RD STREET, DORAL, FL 33172

Latest Status: 5/28/2024 11:05 am Attempted service at 8805 NW 23RD ST, DORAL, FL 33172 Business here is THE HEAT EXPRESS. Jim Stratton also unknown here.--ON HOLD FOR FURTHER INSTRUCTIONS. PLEASE ADVISE---AR

Thank you,
Caplan,Caplan and Caplan Process Servers
caplanupdates@caplanandcaplan.com
Phone: (305) 374-3426

More detailed status is available at https://cpn.sopstatus.com

# EXHIBIT  F

| | |
|---|---|
| **From:** | WSP Server on behalf of Caplan,Caplan and Caplan Process Servers |
| **To:** | Morton, Jonathan B.; Kennedy, Lauren R. |
| **Subject:** | CPN Status on (STRATTON SALES. CORP. D/B/A AMAZON SELLE) |
| **Date:** | Tuesday, May 28, 2024 3:35:37 PM |

**This Message Is From an External Sender**
This message came from outside your organization.

To: Jonathan Morton

  K&L GATES LLP

This is an automated message relating to:

  **Our Job Number:** 2024020627

  **Your Reference Number:**

  **Party To Be Served:** STRATTON SALES. CORP. D/B/A AMAZON SELLE

  **Documents To Be Served:** SUMMONS IN A CIVIL ACTION, CIVIL COVER SHEET, INSTRUCTION FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44, COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, NATURE OF THIS ACTION, JURISDICTION AND VENUE, DEMAND FOR JURY TRAIL

  **Case Info:** Florida SOUTHERN 1:24-CV-21967

  **Case Style:** JVCKENWOOD USA CORPORATION vs. STRATTON AV CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." AND STRATTON SALES, INC. D/B/A AMAZON SELLER "HATCHFIELDS CO."

Original Service Address: STRATTON SALES. CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO." C/O JIM STRATTON AS REGISTERED AGENT, 8811 NW 23RD STREET, DORAL, FL 33172

Status Update for STRATTON SALES. CORP. D/B/A AMAZON SELLER "HATCHFIELDS CO.", 8805 NW 23RD ST, DORAL, FL 33172

Latest Status: 5/28/2024 11:05 am Attempted service at 8805 NW 23RD ST, DORAL, FL 33172 Business here is THE HEAT EXPRESS. Jim Stratton also unknown here..--ON HOLD FOR FURTHER INSTRUCTIONS. PLEASE ADVISE---AR

Thank you,
Caplan,Caplan and Caplan Process Servers
caplanupdates@caplanandcaplan.com
Phone: (305) 374-3426

More detailed status is available at https://cpn.sopstatus.com