## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-21967-CIV-ALTONAGA/Reid

**JVCKENWOOD USA CORPORATION**,

      Plaintiff,

v.

**STRATTON AV CORP.**, *et al*.,

      Defendants.

_____/

### <u>ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE</u>

**THIS CAUSE** came before the Court *sua sponte*.  On July 18, 2024, the Clerk entered Defaults [ECF No. 18] against Defendants, Stratton AV Corp. and Stratton Sales Inc. after they failed to respond to the Amended Complaint [ECF No. 6] or appear within the allotted time.  (*See* Proofs of Service [ECF Nos. 13, 14, 16]); Fed. R. Civ. P. 12(a)(1)(A)(i) (stating a defendant must file a responsive pleading within 21 days of service)).  Accordingly, it is

**ORDERED** that Plaintiff, Jvckenwood USA Corporation must file one of the following two responses by **August 13, 2024**:

(1)  Where there is only one defendant, or where there are multiple defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between defendants, Plaintiff shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due by Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages.  The *motion* shall also be accompanied by (1) the necessary affidavit under the

---

[1]  If there are multiple defendants, Plaintiff must state in the *motion for default final judgment* that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

CASE NO. 24-21967-CIV-ALTONAGA/Reid

Servicemembers Civil Relief Act, 50 U.S.C. section 3931(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at altonaga@flsd.uscourts.gov. Plaintiff shall send a copy of the *motion* to Defendants' counsel, or to Defendants, if they do not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent to Defendants and the address where the notice was sent.

If Defendants fail to move to set aside the Clerk's Defaults or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means Plaintiff may be able to take Defendants' property or money, and/or obtain other relief against Defendants.

(2) Where there are multiple defendants and allegations of joint and several liability, or the possibility of inconsistent liability between defendants, Plaintiff shall file a *notice of joint liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2690 (4th ed. 2021) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other defendants' liability. Once liability is resolved as to all defendants, Plaintiff may move for the entry of default final judgment against Defendants, as described in (1) above, no later than 14 days thereafter.

\*                    \*                    \*

CASE NO. 24-21967-CIV-ALTONAGA/Reid

Plaintiff's failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** of Defendants without prejudice and without further notice.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of July, 2024.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record